Green, J.
delivered the opinion of the court.
*148 This is an action of debt, to recover the penalty of five hundred dollars, given by the act of 1835-6, ch. 13, sec. 15, against persons using money for the purchase of bonds, bills, notes, &c., and who fail, at the termination of each year, or within ten days after the first day of January in each year, to render to the Clerk of the County Court, a statement, on oath, of the amount of monies he shall have so used during the preceding year.
The plaintiff proved that the defendant, during the year 1848, purchased several notes at a discount of more than six per cent, and that at the end of the year 1848, he made no statement of the amount of money by him so used, nor did he make such statement in ten days after the first day of January, 1849.
The defendant proved that he had in the year 1848, listed for taxation two thousand dollars of money, and had paid the tax thereon.
The court charged the jury, that shaving notes at a greater rate than six per cent., is a privilege, and to authorize a person to exercise it, he must obtain a license from the clerk of the County Court, and within ten days after the termination of the year, render to the clerk a schedule on oath, of the amount of money used in shaving, during the preceding year, and on his failure to do so, he becomes liable to the State in the sum of $500, which may be sued for in the name of the Governor, as a penalty for the breach of the revenue laws of the State. Such party is liable to only one penalty of $500 for any one year, and not for said penalty, for each act of shaving. The jury found for the plaintiff, and the defendant appealed to this court.
It is now insisted, that the 12th, 13th, 14th and 15th sections of the act of 1835-6, ch. 13, are repealed by the act of 1843-4, ch. 115. That act provides, that money, or capital loaned or deposited at interest, or used in shaving notes or *149 other evidences of debt, be added to the list of property enumerated in the revenue act of 1835-6, ch. 13, sec. 1, and that the State tax on all such property enumerated in said act, as well as that herein added thereto, shall hereafter be the sum of seven and a half cents on the hundred dollars just value thereof.
This act, it is contended, dispenses altogether with the necessity of making the statement required by the 13th section of the act of 1885-6, and in lieu thereof requires, that the money used in shaving, shall be listed by the commissioner as other taxable property is listed, and no other consequence follows the non-return of it, than such as is consequent on the non-return of other property.
We cannot assent to this construction of the Act of 1843-4. By the Act of 1835-6, money employed in shaving at a rate greater than six per cent, was taxable five cents on the hundred dollars, the same tax which by that act was assessed on other property. But by the Act of 1843-4, all money employed in shaving, whether at a discount greater than six per cent, or not, was taxed seven and a half cents on the hundred dollars, the same tax by that act, assessed upon other property.
Both acts regard money used in shaving, as taxable property, and in both acts the tax is the same as that which is assessed on other property. The only change made by the act of 1843-4, in relation to money used in shaving, is the increase of the tax, and the dropping all distinction between money used in shaving at six per cent, and money so used at a greater rate of discount.
The Act of 1843-4, in providing that money used in shaving shall be added to the list of property enumerated in the first section of the Act of 1835-6, is not, as we think, to be understood as requiring, that it should be returned to the revenue commissioner as other property, and be “listed” by him.
The concluding words of said act are, as follows: “But *150 nothing in this act contained, shall be construed in contravention of other acts of the present General Assembly, relative to any of the subjects of taxation herein specified.”
Now at the same session, ch. 72, enacts, “that so much of the 13th section of the act of 1835, ch. 13, as exempts persons using a less sum than $500, from rendering a written statement to the clerks of their respective counties, as required of persons using a greater sum than five hundred dollars, be and the same is hereby repealed; and from and after the passage of this act, any person or persons, or bodies politic or corporate, using a less sum of money than five hundred dollars, in this State, as provided in the 12th ssction of the act this is intended to amend, shall be subject to the same tax, and shall be required to make the statement as required of persons using a greater sum than five hundred dollars.”
Thus the Act of 1843, ch. 115, which directs that money used in shaving shall be added to the list of property enumerated in the act of 1835, declares that nothing therein shall contravene the provisions of the acts previously passed at the same session; (ch. 72,) wherein the statement to the clerk of money used in shaving, is expressly required, as provided for by the 13th section of the act of 1835.
This statement therefore, so necessary to be made, to prevent frauds on the revenue, was to be made, as well under the operation of the act of 1843, as under the act of 1835. There is nothing in the act of 1843, inconsistent with the act of 1835, sec. 13; but on the contrary, there is an express saving of any intention to contravene its provisions.
The Act of 1847-8, ch. 161, sec. 9, makes the discounting securities for money or shaving notes, a privilege, and raises the tax to one cent on every dollar so employed. The 20th section requires the party to take out a licence from the county court clerk, upon paying the tax thereon. By the 23rd section, it is provided, that if any person fail to take out a license, *151 and shall exercise any of the privileges created by the act, a distress warrant shall issue for the taxes/costs and charges.
It is perfectly clear, that nothing in this act is in conflict with the 13th section of the act of 1835. The distress warrant for the taxes on a failure to take out a licence, in a case like this, would be wholly ineffectual. How could the officer levy the tax, when he could not know how much money the party had used in shaving? This remedy, though effectual, in reference to other privileges created by the act, is inapplicable to the privilege under consideration. The necessity and propriety of requiring the statement under the act of 1848, is as great as if the act of 1835 had remained unchanged.
We think, therefore, his Honor, the Circuit Judge, did not err in ruling that the act of 1835, giving the penalty sued for, is in force, and that the penalty is recoverable in the name of the Governor, for the use of the State.
We think too, that his Honor charged the law correctly, when he told the jury that the party failing to make the statement was liable to only one penalty for each year.
The penalty is given by law, for failing to make the statement. This failure can, of course, happen but once in a year; as it is required to be made only once in each year.
The proof, that the defendant had listed two thousand dollars, and had paid the tax on that sum, was altogether irrelevant, and was properly disregarded.
Affirm the judgment.